[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 11, 1986 in Fairfield, Connecticut. They have resided continuously in this State since that time. There are two minor children issue of the marriage: J. Michael Stafford, born October 25, 1988 and Alyssa Lynn Stafford, born September 6, 1990.
The evidence present at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in § 46b-56, § 46b-81, § 46b-84 and § 46b-84
of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 8 1/2 years. The plaintiff is 32 years of age and in good health. During the marriage she took on the traditional role of homemaker and remained at home caring for the parties two children. She is presently looking for employment and appears optimistic. Her Day Care Costs will be approximately $150.00 per week when she becomes employed.
The defendant is 38 years of age and in good health. He has been employed by Sikorsky's for the past 16 years. In 1994 he earned approximately $40,000. As of April 30, 1995 the defendant earned $13987.76. If he continues working a 40 hour week, he will earn approximately $41,960. for 1995.
The defendant owns a three family house located at 38 No. Spring Street, Ansonia. This house was purchased shortly before the parties married. The defendant presently resides in one of the apartments. The rental income of this building is approximately $995. per month. The mortgage, taxes and insurance run approximately $939. per month.
The defendant's appraiser testified this property had a value of $105,000 subject to an $80,000 mortgage. Although the plaintiff vigorously contested this value, there was no other independent appraisal of this property. It is noted, however, that in previous CT Page 5654 affidavits filed with this court, the defendant indicated this property had a value of $130,000.
The marital home located at 23 Rustling Reed Road, Naugatuck, has a fair market value of approximately $118,500., subject to a mortgage of $111,000. The plaintiff is desirous of continuing to reside in this home with the two minor children.
As of June 30, 1994, the defendant had the sum of $22780.34 in his hourly savings plan account at Sikorsky (Plaintiff's Ex. B).
In December 1994, he withdrew $7800 gross and realized a net check of $7334.55 from this same account. (Ex. F and Ex. H).
In January 1995, the defendant withdrew an additional $9160.95 gross and realized a net check of $7727.13 (Ex. J and Ex. I).
The balance remaining in this hourly Savings Plan as of March 31, 1995 is $7039.39 (Ex. J). This sum can not be withdrawn.
The defendant also redeemed several U.S. Savings Bonds which had accumulated interest of $2467.02 and paid his attorney a retainer fee with these funds ($5000.).
The defendant had a second savings account at Sikorsky which he closed out and bought a used car for himself for $5000.
There are no funds left in these Savings Accounts which can be withdrawn. Some of the funds were used to pay the monthly mortgage on the family home and other pendente lite orders.
Sometime in 1993 the defendant became involved with another woman. The parties separated in October 1994. The defendant presently resides with his female companion in the defendant's Ansonia property. The plaintiff testified the marriage had been a good one up to 1992 — 1993.
Unfortunately, the parties were unable to resolve their marital difficulties. The evidence presented indicates that the greater fault for the cause of the breakdown must be attributed to the defendant.
The following orders shall enter:
Real Estate
CT Page 5655
1) The defendant shall quit claim all his right, title and interest in and to the real estate located at Rustling Reed Road, Naugatuck to the plaintiff.
2) The plaintiff shall hold the defendant harmless from any liability for the mortgage, taxes and insurance on said home.
3) The Defendant shall pay the June 1995 mortgage and taxes payment on said real estate. Thereafter, the plaintiff shall be solely responsible for said mortgage payment. The plaintiff shall be responsible for the Homeowner's Insurance premium when it becomes due.
4) The defendant shall be entitled to his property located at 38 No. Spring Street, Ansonia and the plaintiff shall have no claim thereto.
Custody
1) There shall be joint legal custody of the minor children with physical custody to the plaintiff.
2) The parties shall confer with each other concerning major developments involving the health, education and welfare of the minor children. The plaintiff shall have the final decision making power.
Visitation
The defendant shall be entitled to reasonable and flexible visitation with the minor children to include, but not be limited, to the following:
a) Alternate weekends from Friday at 4:30 PM until Sunday at 6:00 PM;
b) One or two evenings a week as the parties shall agree from between 4:00 PM or 5:00 PM to 7:30 PM;
c) The defendant shall have telephone access to the minor children between 5:00 PM and 7:00 PM;
d) Thanksgiving Holiday: the defendant shall have the children from 2:00 PM Thanksgiving Day to Sunday at 6:00 PM; CT Page 5656
e) Christmas Holiday: the defendant shall have the children from 2:00 PM Christmas Day to New Years Day at 6:00;
f) Mother's Day shall be with the plaintiff;
g) Father's Day shall be with the defendant;
h) Easter: the defendant shall have the children from 2:00 PM to 7:30 PM;
i) The parties shall alternate the remaining holidays;
j) The defendant shall be entitled to have the children for one week during the summer;
k) It is understood that the defendant shall be sober when he picks up and returns the minor children;
l) Both parties shall exchange telephone numbers to be used in the event of an emergency involving the minor children while they are with the plaintiff or the defendant.
Child Support
1. Commencing June 2, 1995, the defendant shall pay to the plaintiff as child support the sum of $200 per week until each child shall become emancipated, dies, attains the age of 19 years or completes 12th grade, whichever event shall first occur.
2. A contingent wage execution is ordered.
Medical Coverage
1. The defendant shall maintain the existing medical, dental and hospital Health Insurance as is available at his place of employment for the benefit of the minor children. Plaintiff shall be entitled to the benefit of § 46b-84 (c) Connecticut General Statutes.
2. Any unreimbursed medical expense shall be equally divided between the parties.
3. The plaintiff shall be entitled to COBRA Benefits as are available through the defendant's employment, at her expense, for CT Page 5657 a period of 2 years from date.
Personal Property
1. The plaintiff shall be entitled to the following:
 1/2 the family heirloom linens Handmade quilt Camping supplies Radio Cherry Picker and tall ladder 1/2 Christmas ornaments Car jack Exit sign 1 brown table Leather cut out wall hangings
2. The defendant shall be entitled to the following:
 1/2 family heirloom linens 1/2 Christmas ornaments Battery charger Golf clubs Sewing machine Plumbing wrenches Mardi Gras Souvenirs Japanese lanterns 1 Brown table
Other property
1) The plaintiff shall be entitled to the tax refund for 1994 in the amount of $2762.
2) The plaintiff shall be entitled to the U.S. Savings Bonds having a face value of $2975.
3) Each party shall retain their respective IRAs.
Alimony
1) Commencing June 2, 1995, the defendant shall pay to the plaintiff as alimony the sum of $75. per week for a period of 5 years. Said alimony shall sooner terminate upon the death, cohabitation as defined by statute or remarriage of the plaintiff CT Page 5658 or death of the defendant.
2) It is anticipated that the plaintiff will obtain full time employment within a short period of time. The fact of plaintiff's employment shall not be a basis for modification unless the plaintiff is earning in excess of $25,000 per year.
3) In 5 years, the plaintiff's youngest child will be 10 years of age and Day care expenses will be substantially reduced. Also, 5 years will give the plaintiff the opportunity of returning to the business world.
Property Settlement
The defendant shall pay to the plaintiff as lump sum property settlement the sum of $5000 within 90 days of date.
Debts
The defendant shall be responsible for the full amount owed to the State of Connecticut for the year 1994 for State Income tax purposes in the approximate amount of $382.
Pension
The plaintiff shall be entitled to one third of the defendant's pension benefits. The plaintiff's one third interest shall be secured by means of a QDRO.
Income Tax Deductions
The defendant shall be entitled to claim the two minor children as dependents for Income Tax purposes, provided he is current with the child support payments as of December 31st.
Life Insurance
The defendant shall name the minor children as irrevocable beneficiaries on his existing Life Insurance Policy which is represented to be $39,000.
COPPETO, J. CT Page 5659